**Douglas HASKETT, Petitioner,**

v.

**Tracy RAY, Warden, Respondent.**

**No. 01–CV–1013AM.**

United States District Court,
E.D. Virginia,
Alexandria Division.

May 28, 2002.

Douglas Haskett, Craigsville, VA, pro se.

Mary Kathleen Beatty Martin, Office of Atty. Gen., Richmond, VA, for respondent.

## MEMORANDUM OPINION

HILTON, District Judge.

Petitioner, Douglas Haskett ("Haskett"), a Virginia inmate proceeding *pro se,* filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking the validity of his conviction in the Circuit Court of the City of Newport News, Virginia for rape. On December 18, 2001, respondent filed a Motion to Dismiss. Petitioner was given the opportunity to file responsive materials pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975), and has done so. Accordingly, this matter is now ripe for disposition. For the reasons that follow, the Court will grant respondent's motion and dismiss this petition.

### I. Factual and Procedural Background

On August 9, 1999, a grand jury indicted Haskett on one count of rape.

After the plea colloquy on October 7, 1999, the court accepted laboratory records and a statistical analysis report pursuant to the stipulation of both parties. The laboratory records indicated that analysis of the DNA evidence obtained from the fetus and Haskett's blood indicated that Haskett could not be eliminated as the father of a the fetus. The statistical analysis reported that "Haskett is 5,054 times more likely to be the biological father that any other African–American male in North America." Tr. of Oct. 7, 1999 at 11. The Court admitted both documents as evidence, and the one day bench trial commenced.

The facts, as summarized, are:

[O]ne day between February 9 and March 19, 1999, the [then thirteen]-year-old victim stayed home from school be-

cause she was sick. As she was sleeping in bed, [Haskett], who was her stepfather, entered the victim's bedroom and pulled her from her side to her back saying " 'Come on now' or 'Come on' or something like that." [Haskett] got into bed with and on top of the victim, who was wearing a nightgown and underwear. He pulled down his sweat pants and her underwear, and had sex with the victim against her will. The victim testified she struggled with [Haskett] and tried to kick him, but he held her arm down and she could not move because he was heavier and stronger than she was.

The victim testified that she did not have sex with anyone before or after this incident. She told her mother what happened in April 1999 after discovering she was pregnant with [Haskett]'s child. The victim did not tell anyone sooner because she was afraid of what would happen.

[Haskett] testified that he was having an affair with the victim, that they frequently engaged in consensual sex, and that he never had sex with the victim against her will. [Haskett] stated that, after the victim learned she was pregnant, she told him that she was going to claim he forced himself on her and that "she wasn't going down with me."

Detective Gallerani testified that [Haskett] denied having any sexual contact with the victim.

*Haskett v. Commonwealth*, R. No. 2894–99–1 at 1–2 (Va.Ct.App. Apr. 13, 2000). Counsel for Haskett made a motion to strike the evidence at the close of all of the evidence, and a motion to reduce the charge from forcible rape to carnal knowledge of a child. The court denied both motions.

On December 3, 1999, the court sentenced Haskett to a total of fifty years in prison, with twenty-two years suspended, a sentence higher than the suggested guideline range. Through different counsel, Haskett filed a direct appeal with the Court of Appeals of Virginia, which denied his appeal on April 13, 2000. *Haskett v. Commonwealth*, R. No. 2894–99–1 (Va.Ct. App. Apr. 13, 2000). Haskett then filed a petition for appeal with the Supreme Court of Virginia, which was refused the appeal on August 11, 2000. *Haskett v. Commonwealth*, R. No. 000913 at 1 (Va. Aug. 11, 2000). Haskett then filed a petition for Writ of Habeas Corpus, signed on September 21, 2000, with the Supreme Court of Virginia. On April 5, 2001, the Supreme Court of Virginia dismissed the petition. *Haskett v. Dir. of the Dep't of Corrs.*, R. No. 002369 (Va. Apr. 5, 2001) (*reh'g denied* June 8, 2001). Haskett signed the instant petition for filing in this Court on June 13, 2001. In that petition, Haskett states the following claims:

A. Denial of effective assistance of counsel because counsel failed to investigate any statement stepdaughter made to a doctor, nurse, or counselor;

B. Denial of effective assistance of counsel because counsel failed to investigate and call witnesses at sentencing;

C. Denial of effective assistance of counsel because counsel failed to make a motion to strike after the Commonwealth rested;

D. Denial of effective assistance of counsel because counsel failed to move to suppress the DNA certificate of analysis on the grounds it was not timely filed in Circuit Court.

*See* Pet'r's Pet. for Writ of Habeas Corpus at 5–6. On December 18, 2001, respondent filed a Motion to Dismiss. Petitioner has filed responsive materials. Accordingly, this matter is now ripe for disposition.

## II. Exhaustion and Procedural Default

The threshold inquiries for a federal court reviewing a petition under 28 U.S.C. § 2254 are whether the petitioner has exhausted his claims before the appropriate state courts and whether a state procedural default barred these claims from federal habeas review. As respondent indicates that these claims have been fully exhausted before the Supreme Court of Virginia, which addressed Haskett's claims on the merits, this Court will proceed to examine petitioner's claims on the merits.

## III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, the federal court cannot grant the petition unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).[1] The United States Supreme Court clarified this standard, holding that "contrary to" and "unreasonable application of" were independent clauses, either of which could permit granting the writ. *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The Court stated that the "contrary to" clause requires a federal court to grant the writ if the state court decision "arrive[d] at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.*

The Court also stated that under the "unreasonable application" clause, the writ should be granted if the federal court finds that the "state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The Court held that this standard of reasonableness is an objective one. *See id.* at 409–10, 120 S.Ct. 1495. Further, "a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411, 120 S.Ct. 1495. Therefore, to grant the petitioner's writ, this Court would have to conclude that the Supreme Court of Virginia acted unreasonably or contrary to federal law when it ruled on petitioner's claims. Under this standard, we review Haskett's claims.

## IV. Merits

Haskett's four claims allege ineffective assistance of counsel. To prove an ineffective assistance of counsel claim, a petitioner must satisfy the clearly established test set forth in *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052. That is, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Id.* For this

---

1. 28 U.S.C. § 2254(d) provides:

   (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," *Id.* at 689, 104 S.Ct. 2052, and courts must "presume that challenged acts are likely the result of sound trial strategy." *Spencer v. Murray,* 18 F.3d 229, 233 (4th Cir. 1994). However, courts should not search for possible tactical reasons for a counsel's actions in hindsight when they clearly did not apply at the time counsel acted. *See Griffin v. Warden,* 970 F.2d 1355, 1358 (4th Cir.1992). In this regard, "tolerance of tactical miscalculations is one thing; fabrication of tactical excuses is quite another." *Id.* at 1359 (citing *Kimmelman v. Morrison,* 477 U.S. 365, 386–87, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)).

Second, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *see also Soering v. Deeds,* No. 99–6498, 2000 WL 870490, **4–5 (4th Cir. June 30, 2000). Furthermore, it is important to keep in mind that "[t]he petitioner must show both deficient performance and prejudice; the two are separate and distinct elements of an ineffective assistance claim." *Spencer,* 18 F.3d at 232–33.

## Claim (A)

Haskett's first claim states that his trial counsel was ineffective because he failed to investigate any statement his stepdaughter may have made to a doctor, nurse or counselor. Even assuming that failure to investigate whether any statements might have been made is deficient performance, Haskett has not shown prejudice. Unsupported, conclusory allegations do not entitle a petitioner to habeas relief. *Nickerson v. Lee,* 971 F.2d 1125, 1136 (4th Cir.1992); *Bolden v. Murray,* 841 F.Supp. 742, 745 (E.D.Va.1994). To obtain habeas relief, a petitioner must come forward with some evidence that the claim might have merit. *Nickerson,* 971 F.2d at 1136. Haskett has not provided even a scintilla of evidence that such statements existed, such as an affidavit or a sworn statement, or provided the identity of a witness who would have such information. All Haskett provides is a conclusory claim that if counsel had investigated, counsel might have found evidence that would have led to a defense of consent. It is simply not enough for Haskett to allege that there might have been some evidence that counsel could have uncovered. As such, Haskett has failed to show prejudice. Accordingly, the determination by the Supreme Court of Virginia that Haskett did not show prejudice was not contrary to, nor an unreasonable application of *Strickland.* Haskett's claim (A) must therefore be dismissed.

## Claim B

In his second claim, Haskett asserts that counsel's failure to investigate and call witnesses at sentencing constitutes ineffective assistance of counsel. Haskett alleges that such failure constitutes ineffective assistance *per se,* and thus he need not show prejudice. It is true that in certain limited contexts, prejudice is presumed: (1) where a defendant is completely denied counsel at a critical stage of his trial; (2) where there has been a constructive denial of counsel, i.e., when a lawyer " entirely fails to subject the prosecution's case to meaningful adversarial testing"; and (3) where, even with counsel present, circumstances are such that the possibility that even a fully competent lawyer could provided effective assistance is extremely small. *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). In addition, the sentencing phase is a critical stage of a criminal trial. *Mempa v. Rhay,* 389 U.S. 128,

134, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). Nevertheless, "[a] finding of per se prejudice under any of the three prongs is 'an extremely high showing for a criminal defendant to make.'" *Glover v. Miro,* 262 F.3d 268, 275 (4th Cir.2001) (quoting *Brown v. French,* 147 F.3d 307, 313 (4th Cir.1998)). The facts do not fit the first of the *Cronic* prongs, as Haskett was represented by counsel at sentencing. Nor was Haskett constructively denied counsel during the sentencing phase, as counsel reviewed the pre-sentence report and the sentencing recommendations with Haskett, discussed the fact that the Court was not required to follow the guidelines, and examined the probation officer regarding the 76–point factor of victim injury. (Tr. of Dec. 3, 1999, at 3–4.) Moreover, counsel argued that a normal pregnancy should not be considered a serious physical injury, and argued for "a substantial amount of suspended time with a small amount of active time." (Tr. of Dec. 3, 1999, at 6–9.) Thus, Haskett was not constructively denied the right to counsel. *See, e.g., Glover,* 262 F.3d at 278. The third *Cronic* prong does not apply here, as the circumstances surrounding the defendant's representation do not amount to circumstances that would prevent a fully competent lawyer from providing effective assistance. Accordingly, this Court does not find *per se* ineffective assistance during the sentencing phase.

As a result, Haskett must show that counsel's actions during the sentencing phase meet the deficient performance and prejudice prongs of *Strickland,* 466 U.S. at 688–694, 104 S.Ct. 2052. It is true that in the sentencing context, failure to investigate any avenues of mitigation may constitute deficient performance. *See, e.g., Williams v. Taylor,* 529 U.S. 362, 120 S.Ct.

1495, 146 L.Ed.2d 389 (2000) (finding ineffective assistance where counsel failed to investigate and present at sentencing defendant's social history). But counsel does not necessarily render deficient performance where he performs some investigation that leads to knowledge of possible mitigation, and then "make[s] an informed strategic choice" not to pursue further investigation. *Wiggins v. Corcoran,* No. 01–23, 2002 WL 832165 at *8–9 (4th Cir. May 2, 2002). In the instant case, Haskett states that witnesses would have testified "that [he] was a good man not capable of such a crime" (Pet. at 2), and provided counsel with names of people willing to testify. *See* Aff. Of Haskett, Resp. Ex. B, at 3. Counsel was reluctant to present such testimony, believing that it might make the judge less sympathetic, and informed Haskett that he would think about it. *Id.* Thus, counsel was aware of this possible mitigating testimony, but rather, after some deliberation, chose not to present such testimony and concentrated on other strategies. As a result, Haskett has not shown that counsel's performance was deficient.

Even assuming, arguendo, that counsel performed deficiently, Haskett has not shown prejudice. In his petition and attached memorandum in support presented to the Supreme Court of Virginia, Haskett stated only that counsel failed to "call witnesses ... that may have shed some hope of a more lenient sentence" and "offered no character letters or any kind word from anyone." (Mem. in Supp. of Pet. Submitted to the Supreme Court of Virginia Sep. 26, 2000, at 4, 6.) In that filing, Haskett offered no names of possible witnesses or affidavits of possible witness outlining their testimony. Because Haskett offered only conclusory statements, the determination of the Supreme Court of Virginia that

Haskett did not show prejudice was not contrary to, nor an unreasonable application of *Strickland*.[2] Thus, Haskett's Claim B must be dismissed.

### Claim C

■ In Claim C, Haskett alleges counsel provided ineffective assistance when he failed to make a motion to strike the evidence after the Commonwealth presented its case. Even assuming without deciding that such failure constitutes deficient performance, Haskett has not shown prejudice. Counsel offered a motion to strike at the close of all the evidence, which the trial court considered. Moreover, the Court of Appeals of Virginia and the Supreme Court of Virginia found that counsel's action preserved the issue for appeal by ruling on the merits of Haskett's sufficiency of the evidence claim on direct appeal. Thus, Haskett cannot show that if counsel had made a motion to strike the evidence at the close of the Commonwealth's case, prior to the evidence put forward by counsel on behalf of Haskett, that the result would have been different. Accordingly, the determination of the Supreme Court of Virginia was not contrary to, nor an unreasonable application of *Strickland*. Respondent's Motion to Dismiss Claim (C) will be granted.

### Claim D

■ Haskett's fourth claim asserts ineffective assistance of counsel because counsel failed to move to suppress the DNA

certificate of analysis as not being properly filed in the circuit court. This claim is refuted by the record, as the certificate was properly filed in the circuit court on August 26, 1999, more than a month prior to trial, in addition to the filing in Juvenile and Domestic Relations Court on May 6, 1999. *See* Va. Cir. Ct. R. No. 2894–99–1 at 4,5. In addition, the claim that the DNA evidence was inadmissible was not raised in Haskett's direct appeal, and is thus barred by the rule in *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974). As a result, Haskett cannot show prejudice. Accordingly, the Supreme Court of Virginia's determination was not contrary to, nor an unreasonable application of *Strickland*. Haskett's Claim D must be dismissed. No claims remain.

### V.

For the reasons stated above, Respondent's Motion to Dismiss will be granted and this petition will be dismissed. An appropriate order will issue.

---

2. In his reply to respondent's Motion to Dismiss, Haskett offered an affidavit from a Nancy Overton, signed on January 19, 2002, as evidence of his character. However, on habeas review, the district Court must look at the determination of the state court "in light of the evidence presented at the State court proceeding." 28 U.S.C. § 2254(d)(2). Moreover, the evidence presented is neither that which "could not have been previously discovered through the exercise of due diligence" or "sufficient to establish that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense." 28 U.S.C. §§ 2254(e)(2)(A)(ii); (e)(2)(B). Accordingly, the affidavit will not affect this determination.